# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Julia Melissa Hutchins,  ) | |
| ) | Civil Action No.: 5:19-cv-02869-JMC |
| Plaintiff,  ) | |
| ) | **ORDER** |
| v.  ) | |
| ) | |
| Andrew Saul,  ) | |
| Commission of Social Security  ) | |
| Administration,  ) | |
| ) | |
| Defendant.  ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 16, 2020. (ECF No. 14.) The Report addresses Plaintiff Julia Melissa Hutchins' ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Report (*id.*) and **AFFIRMS** the decision of the Commissioner.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 14.) As brief background, Plaintiff filed applications for DIB and SSI on February 8, 2016. (*Id.* at 1.) Both applications were denied initially and on reconsideration. (*Id.*)

After a hearing was held on August 23, 2018, an administrative law judge ("ALJ") denied Plaintiff's claim in a decision dated December 20, 2018. (*Id.* at 1-2.) Plaintiff's request for the Appeals Council ("Council") to review the ALJ's decision was later denied. (*Id.* at 2.) Thus, the

1

ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, No. 95–1066, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on October 10, 2019. (ECF No. 1.)

In the Report, the Magistrate Judge first concluded that the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in assessing her residual functional capacity ("RFC"). (ECF No. 14 at 13-21.) The Magistrate Judge then found that the ALJ properly accounted for Plaintiff's limitations in interactions with supervisors. (*Id.* at 21-23.) Accordingly, the Magistrate Judge recommended that the court affirm the Commissioner's decision. (*Id.* at 23.)

The parties were apprised of their opportunity to file specific objections to the Report on November 16, 2020. (ECF No. 14-1 at 1.) On November 23, 2020, Plaintiff filed two Objections to the Report. (ECF No. 16.) The Commissioner replied to Plaintiff's Objections on December 4, 2020. (ECF No. 19.)

## II.  STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28

U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.    ANALYSIS

Plaintiff makes two Objections to the Report. First, she argues that "the Magistrate Judge erred by determining that the ALJ had properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in her maximum [RFC]." (ECF No. 16 at 1.) Second, she contends that "the Magistrate Judge has erred in determining that [the ALJ] adequately accounted for . . . Plaintiff's moderate limitations in interacting with others." (*Id.* at 4.) The Commissioner

counters that Plaintiff's Objections reargue the same issues raised in her initial brief. (ECF No. 19 at 1.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that Plaintiff's Objections restate arguments adequately addressed by the Report. (*See* ECF No. 14 at 13-23.) Moreover, Plaintiff's Objections substantively mirror the arguments raised in prior briefing. Similarly to Plaintiff's Objections, Plaintiff's Brief argues that the ALJ erred "by failing to account for Plaintiff's moderate limitations in concentration, persistence, and pace in her [RFC]" and "fail[ing] to adequately account for the Plaintiff's ability to interact with supervisors[.]" (ECF No. 11 at 7, 14.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief).

4

The court declines to hear Plaintiff's rehashed arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's Objections, is well-reasoned, and properly analyzes the issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objections.

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein. Accordingly, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 23, 2021
Columbia, South Carolina